IturiTN, Judge
 

 The deed, under which the plaintiffs, claim, conveys only an undivided share of the 6000 acres patented by
 
 Fontaine.
 
 The defendant’s is also an undivided interest in that tract. The deed to him does not in itself describe any boundaries. It says, it is true, that the land thereby conveyed is part of a large tract, patented by a certain
 
 John Fontaine,
 
 and contains fifteen hundred and eighty acres,
 
 “
 
 being the part allotted, laid off and divided to
 
 Patrick Fontaine
 
 and
 
 Charles Fontaine,
 
 heirs of
 
 John Fontaine,
 
 deceased, by the County Court of Gates at August term, 1803, and being the land purcha
 
 *155
 
 sed by
 
 John Cowper
 
 from said
 
 Patrick
 
 and
 
 Charles
 
 But no such partition is produced, as that referred to in the deed ; nor is tlie deed to
 
 John Cowper
 
 produced. So that it is impossible to say, that the deed covers any particular part of the 6000 acres, but only the shares of
 
 Patrick
 
 and
 
 Charles Fontaine,
 
 whatever they may be.
 

 The caso of
 
 An-ders
 
 v.
 
 Anders, (ame 1 ml.
 
 529) approved.
 

 Upon the death of the plaintiff in
 
 trespass quare clausum
 
 fregit, the suit must be revived by his executor, & not by his heir.
 

 The case states further, that upon the death of
 
 John Cowper,
 
 his estate was divided amongst his heirs at law, and the interest in the
 
 Foniaineptdmi
 
 was thereby assigned to
 
 Willis Cowper,
 
 the vendor of the defendant. But that does not carry us a step further towards the several titles or possessions of the parties to this suit; because it does not ¡seem, that there was any partition between the
 
 Cowpers,
 
 and the other claimants of the
 
 Fontaine
 
 patent, or that any particular specified portion of that was allotted to the
 
 Cowpers,
 
 or to
 
 Willis Cowper.
 
 It only amounts to this : that the interest of
 
 John
 
 Cowper in that patent, whatever it might be, whether in common or in severalty, should be taken as the share of
 
 Willis
 
 of the estate of
 
 John.
 

 The parties then are tenants in common, and one cannot maintain trespass against the other. The attempt to make a partition
 
 in pais
 
 in 1819, was nugatory,
 
 (Anders
 
 v.
 
 Anders. 2d vol.
 
 529.)
 

 Besides, there are other objections which it would be difficult for the plaintiffs to get over. Among them I may mention, that upon the death of
 
 Proctor,
 
 one of the original plaintiffs, his
 
 heirs
 
 are made parties to revive instead of his executor.
 

 Per Curiam — Judgment aeeirmed.